UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DOLFO and SUSAN DOLFO, on behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; and BAC HOME LOANS SERVICING, LP,<br><br>Defendants. | Civil No. 11-CV-2828-DMS (BGS)<br><br>**ORDER IN RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING PLAINTIFFS' REQUEST TO COMPEL DISCLOSURE OF CLASS MEMBER CONTACT INFORMATION** |

On March 18, 2013, counsel for all parties contacted the Court regarding a discovery dispute. Plaintiffs seek to compel Defendant Bank of America to produce a list of the names and addresses of those individuals identified by Bank of America as likely class members. Pursuant to Court order, the parties filed a joint motion for determination of this discovery dispute on March 22, 2013. (Doc. No. 68.)

For the reasons set forth below, the Court denies without prejudice Plaintiffs' request to compel production of this information.

## I. Relevant Background

On December 5, 2011, Plaintiffs filed this putative class action alleging causes of action against Defendants Bank of America, N.A. and BAC Home Loans

Servicing, LP for breach of contract, violation of California's Unfair Competition Law, violation of California's Rosenthal Fair Debt Collection Practices Act, violation of California's Consumer Credit Reporting Agencies Act, conversion, and declaratory relief. (Doc. No. 1.) Plaintiffs' complaint is based upon allegations that Bank of America created impound accounts[1] for residential mortgage loan customers without prior notice to or consent of the customer. On February 7, 2013, Plaintiffs filed a first amended complaint ("FAC"), which defines the proposed class as:

> All persons who entered into a residential mortgage loan with Bank of America secured by property located in the State of California, where Bank of America created an impound account up until May 31, 2011, as a result of Bank of America's evaluation of eligibility for a loan modification pursuant to the Home Affordable Modification Program, and not because of a circumstance permitted by Civil Code §2954. Excluded from the Class are those who entered a "trial period program" pursuant to the Home Affordable Modification Program and defendants and any of their officers, directors and employees.

(Doc. No. 57, FAC ¶40.)

On June 29, 2012, Plaintiffs served interrogatory requests, the first of which is the subject of the present dispute. (Doc. No. 68 at 7.) Plaintiffs asked Defendant to identify all members of the class by providing: the name of the class member; the current or last known mailing address of the class member; the current or last known email address of the class member; the residential property address secured by the loan; and the loan number. (Doc. No. 68-1 at 5.) Defendant timely objected to this interrogatory on the grounds that it sought confidential, personal, and/or financial information that is protected from disclosure by statutes governing the privacy rights of consumers and other person and was premature prior to a ruling on class certification. (Doc. No. 68 at 7; Doc. No. 68-1 at 5.) Defendant did, however, agree to produce data sufficient to establish the potential size of the putative class. (*Id.*) After

---

[1] An impound account is an account maintained by a lender to collect insurance and tax payments required for the mortgaged property. (*See* FAC at ¶¶15-16.)

receiving these objections, the parties did not contact the Court within 30 days regarding a discovery dispute pursuant to Judge Skomal's chambers' rules.

On October 31, 2012, Bank of America provided Plaintiffs' counsel with a spreadsheet containing information about roughly 9,200 potential members of the putative class. (Doc. No. 68 at 7.) Thereafter, the parties agreed to a representative sample of 221 Servicing Records. (*Id.*) The Sample Servicing Records produced contain the following loan information: loan amounts; property values; payment histories; schedules of fees and charges; escrow/impound records; and summaries of calls with each borrower. (*Id.* at 7-8.) Bank of America redacted the borrower names, addresses, and account numbers to protect consumer privacy. (*Id.* at 8.) The parties did not contact the Court regarding any discovery dispute concerning the production of the spreadsheet or the redacted Sample Servicing Records.

Following seven months of discovery and several extensions of time, Plaintiffs filed their motion to certify the class on January 11, 2013. (Doc. No. 48.) Defendants filed their response in opposition to the motion to certify the class on February 15, 2013. (Doc. No. 62.) On February 28, 2013, the day before Plaintiffs' reply was due, Plaintiffs filed an ex parte motion to continue the class certification hearing so that Plaintiffs could have sufficient time to take additional discovery, namely a deposition of Bank of America pursuant to Fed.R.Civ.P. 30(b)(6) relating to issues raised in Bank of America's opposition to class certification. (Doc. No. 64 at 1.) Nowhere in Plaintiffs' ex parte motion to continue or the attached declaration of counsel was it mentioned that Plaintiffs were also seeking discovery of class member contact information in order to reply to Defendant's opposition. (*See id.* & Doc. No. 64-1, O'Reardon Decl.) On March 1, 2013, the Court granted Plaintiffs' ex parte motion, continuing Plaintiffs' reply deadline to April 5, 2013 and the hearing on the motion to certify to April 19, 2013. (Doc. No. 65.)

On March 18, 2013, the parties first contacted the Court regarding a discovery dispute concerning Plaintiffs' Interrogatory No. 1 seeking class member contact information.

## II. Discussion

**A. Waiver**

Plaintiffs served the interrogatory seeking class member contact information on June 29, 2012. Bank of America served timely objections and thereafter also produced a spreadsheet containing information about roughly 9,200 putative class members and 221 Sample Servicing Records. This information was used by Plaintiffs in their motion for class certification filed on January 11, 2013, and therefore received by Plaintiffs in advance of that date.

Judge Skomal's chambers' rules state that, "[u]nder no circumstances will Judge Skomal rule on a discovery dispute that is brought to his attention more than thirty (30) days after the date upon which the even giving rise to the dispute occurred absent good cause." For written discovery, the event giving rise to the discovery dispute is service of the response or the time for such service if no response is given.

The Court finds that Plaintiffs have waived their request to compel production of class member contact information that was sought by Interrogatory No. 1. The parties brought this dispute to Judge Skomal's attention on March 18, 2013. To say that this date exceeds Judge Skomal's thirty day deadline is an understatement. Plaintiffs first received objections to Interrogatory No. 1 in August 2012. Plaintiffs received the spreadsheet data concerning putative class members in October 2012. Plaintiffs received the 221 Sample Servicing Records at least before January 11, 2013. All of these dates are more than thirty days before March 18, 2013. Accordingly, the Court finds Plaintiffs have waited too long to bring this dispute to the Court's attention.

The Court also does not find good cause to excuse this late submission of the

discovery dispute. Plaintiffs sought discovery of specific class member contact information in June 2012 and must have at that time thought it was relevant to a claim or defense in this case. However, Plaintiffs sat on the issue and did not pursue production of this information they sought in their first interrogatory. Now, over eight months later, Plaintiffs assert that they require this discovery in order to reply to Bank of America's opposition to class certification. Plaintiffs, however, failed to even mention this discovery was outstanding or necessary in Plaintiffs' February 28, 2013 ex parte motion to continue the class certification hearing, which request was based on Plaintiffs' need for other discovery. Class member contact information was not mentioned in that request and was only brought to the Court's attention after an extension of the reply deadline was granted for other reasons. Accordingly, the Court denies Plaintiffs' request to compel production of class member contact information.

**B. Relevance**

Even if the Court were to determine that Plaintiffs' request to compel class member contact information was timely brought to the Court's attention, the Court finds Plaintiffs fail to show how the information sought is relevant to refuting Bank of America's defenses to class certification. The Court ordered the parties in their joint motion for determination of discovery dispute to address, "the relevancy of this information to any party's claim or defense, including the specific relevancy of this information to Plaintiffs' reply to Defendant's opposition to class certification." (Doc. No. 66 ¶2.)

Fed.R.Civ.P. 26(b)(1) allows parties to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the opposing party to specify how the discovery request is irrelevant, overly broad, burdensome, or oppressive. *Khalilpour*

*v. CELLCO P'ship*, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 fn. 17 (1978); *Ellison v. Patterson-UTI Drilling*, 2009 WL 3247193, at *4 (S.D. Tex. Sept. 23, 2009).

Furthermore, prior to class certification, discovery lies entirely within the discretion of the court. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). The plaintiff has the burden to either make a prima facie showing that the class action requirements are satisfied, or to show "that discovery is likely to produce substantiation of the class allegations." *Manolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985).

Plaintiffs assert that Bank of America's response in opposition to class certification rests largely on an analysis of the Sample Servicing Records conducted by one of Defendant's attorneys and the inferences drawn therefrom. (Doc. No. 68 at 1.) Plaintiffs want the contact information of the 221 putative class members because they assert the Sample Servicing Records do not tell the entire story of those loan files, as they do not accurately memorialize certain telephone conversations or completely fail to memorialize conversations. (*Id.* at 3.) Plaintiffs argue the contact information is relevant because it will afford Plaintiffs an opportunity to speak to these class members about those conversations, which in turn will allow Plaintiffs to refute Bank of America's defenses to class certification based on the Sample Servicing Records that individual issues about causation and injury predominate. (*Id.* at 3.)

Plaintiffs' motion for class certification seeks to certify a Rule 23(b)(2) class. (Doc. No. 48 at 17; Doc. No. 68 at 2.) Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

class as a whole." Fed.R.Civ.P. 23(b)(2); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001) ("Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive.").

As the Supreme Court has held, "[t]he key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, ——, 131 S.Ct. 2541, 2557 (2011). Therefore, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Id.* at 2557 (emphasis in original). Finally, a Rule 23(b)(2) class "does not authorize class certification when each class member would be entitled to an individualized award of money damages." *Id.*; *see Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (noting the proposition that "monetary damage requests are generally allowable only if they are merely incidental to the litigation" has been "called into doubt by the Supreme Court") (citing *Dukes*, 131 S.Ct. at 2560).

In its opposition to class certification, Bank of America argues that Plaintiffs' twelve-part injunctive remedy fails to meet this standard because the injunctive relief requested requires Bank of America to audit all accounts to make certain determinations and also to individually remedy any allegedly improper behavior. (Doc. No. 62 at 16-17.) Bank of America argues that this relief would require an individualized inquiry to determine whether the alleged harm resulted from Bank of America opening an impound account for the borrower, and not for any other reason, such as the borrower's failure to pay on his or her account. (*Id.* at 17.) Bank of America argues that this individualized inquiry prevents a Rule 23(b)(2) class and also

1  fails to satisfy Rule 23(a)'s requirement that Plaintiffs' claims are typical of the putative
2  class. ███████████████████████████████████████████████████████████████
3  ███████████████████████████████████████████████████████████████████████
4  ███████████████████████████████████████████████████████████████████████
5  ███████████████████████████████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████████████
7  ███████████████████████████████████████████████████████████████████████
8  ███████████████████████████████████████████████████████████████████████
9  ███████████████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████████████████
12 ███████████████████████████████████████

13      In the joint motion for determination of discovery dispute, Plaintiffs fail to
14 specify what use of the Sample Servicing Records they seek to refute and what
15 information they will likely obtain by contacting the individual putative class members
16 that will rebut Bank of America's arguments.  For example, Plaintiffs have not offered
17 what they would ask and what a class member may say that is relevant to refuting Bank
18 of America's arguments concerning the individualized nature of injunctive relief and
19 the atypicality of Plaintiffs' claims.[2]  Bank of America relied solely on the information
20 contained in the Sample Servicing Records to make its arguments in opposition to class
21 certification and did not use any redacted or other information not produced. (Doc. No.
22 68 at 8.)  Plaintiffs have access to this same pool of information.  In light of the privacy
23 concerns surrounding the class member contact information and the lack of relevancy
24 proffered by Plaintiffs, the Court alternatively denies their request to compel production

---

[2] Plaintiffs have also failed to make any argument as to the relevancy of this information in relation to their burden in moving to certify a Rule 23(b)(2) class action.

on this ground.

## III.  Conclusion

For the reasons set forth above, the Court denies without prejudice Plaintiffs' request to compel production of class member contact information.  If a class is certified in this matter, the parties may revisit class member contact information if relevant.

**IT IS SO ORDERED**.

DATED: March 29, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge

COPIES TO:

Plaintiffs' Counsel
Defendant Bank of America, N.A.'s Counsel