BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101
tblood@bholaw.com
toreardon@bholaw.com

Attorneys for Plaintiffs and Class Counsel

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DOLFO and SUSAN DOLFO, on behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVING, LP,<br><br>Defendants. | Case No.: 3:11-cv-2828-DMS-BGS<br><br>CLASS ACTION<br><br>**DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Dana M. Sabraw<br>Crtrm: 13A, 13th Floor<br>Date filed: December 5, 2011 |

BLOOD HURST & O'REARDON, LLP

I, TIMOTHY G. BLOOD, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of California.  I am the managing partner at Blood Hurst & O'Reardon, LLP, counsel for Plaintiffs and Class Counsel pursuant to Fed. R. Civ. P. 23(g). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.  I submit this declaration in support of the Motion for Preliminary Approval of Class Action Settlement.

2.     This litigation has been hard-fought from the very beginning.  There were numerous, contested discovery motions, significant party and non-party discovery, including depositions, expert-related work, and a fully litigated motion for class certification that was granted on June 3, 2013, certifying the Class pursuant to Fed. R. Civ. P. 23(b)(2) and 23(c)(4).  As a result of the Parties' extensive meet and confer efforts held virtually continuously throughout this litigation, Class Counsel was able to obtain approximately 50,000 pages of documents from Bank of America, including exemplar loan servicing files from a statistically significant number of the more than 8,000 loans at issue, documents regarding Bank of America's relevant policies and procedures, and electronically stored information ("ESI") produced based on a detailed, negotiated protocol for the production of targeted ESI.  Class Counsel organized a team of attorneys who coded and analyzed these documents on a database system.  Class Counsel took the deposition of Bank of America's Assistance Vice President of escrow analysis pursuant to Fed. R. Civ. P. 30(b)(6) concerning Bank of America's policies and procedures relating to establishing impound accounts for non-impound loans, Bank of America's payment of property taxes and insurance for borrowers, as well as Bank of America's data and loan servicing files and information it maintains for Class Members.  Thereafter, Class Counsel took the deposition of one of Bank of America's senior vice presidents in charge of overseeing compliance with and implementing Home Affordable Modification

BLOOD HURST & O'REARDON, LLP

Program ("HAMP") policies and procedures at the bank. This latter deposition was pursuant to Fed. R. Civ. P. 30(b)(6) and generally concerned Bank of America's policies and procedures for estimating escrow requirements for HAMP trial period purposes, establishing escrow accounts, and reporting borrowers to credit reporting agencies. Class Counsel also retained and worked with an expert in the field of banking policies and procedures, specifically including those relating to HAMP and its supplemental directives. The following is a summary of the motion practice, discovery efforts and settlement negotiations that were involved in the successful litigation of this Action.

3. **Initial Investigations**: In October 2010, Plaintiffs' Counsel began investigating potential class action litigation against Bank of America relating to its establishment of impound accounts (also known as escrow accounts) for previously non-impounded residential mortgages in connection with the bank's evaluation of borrower eligibility for a trial period program modification under HAMP. Our investigation included researching potentially applicable HAMP regulations and supplemental directives, as well as Civil Code provisions relating to home mortgage impound accounts. We also researched and analyzed, through publicly-available sources, the potential uniformity and breadth of Bank of America's conduct. We also researched and drafted a motion for a preliminary injunction.

4. **Initial Complaint Filing and Bank of America's Answer**: On December 5, 2011, Plaintiff's Counsel filed the original class action complaint in this Action, entitled *Dolfo v. Bank of America, N.A.*, Case No. 11-cv-2828 (S.D. Cal.). (D.E. No. 1). On behalf of a proposed California-only class, the complaint alleged a breach of contract, violations of California's Unfair Competition Law, Business & Professions Code §17200 *et seq.* (the "UCL"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §1788 *et seq.* (the "Rosenthal Act"), the Consumer Credit Reporting Agencies Act, Cal. Civil Code

§1785.1 *et seq.* (the "CCRAA"), conversion, and sought declaratory relief as a result of Bank of America's policy of impounding previously non-impounded mortgage loans in connection with initial HAMP eligibility analysis.  (D.E. No. 1).  On February 8, 2012, Bank of America filed its answer to the complaint, including asserting twenty affirmative defenses.  (D.E. No. 6).

5.   **May 9, 2012 Early Neutral Evaluation Conference**:  On May 9, 2012, the Parties participated in an early neutral evaluation conference ("ENE") with the Hon. Bernard G. Skomal.  In advance of the first ENE, Plaintiffs' Counsel held conferences with Bank of America and Plaintiffs about the potential for early resolution, and extensively researched potential class wide remedies.   On May 7, 2012, Class Counsel submitted a confidential ENE statement.  The Action did not settle at the first ENE, and, as a result, the Court set Rule 26 deadlines.   (D.E. No. 22).   The Parties also began discussions surrounding the production of potential Class member loan files.

6.   **Plaintiffs' Counsel Engaged in Substantial Discovery Efforts Throughout this Litigation**:   As discussed below, throughout this litigation Plaintiffs' Counsel engaged in substantial discovery, including propounding and responding to sets of written discovery, continuously meeting and conferring with opposing counsel about discovery responses, compelling further responses to discovery requests, reviewing substantial amounts of documents and ESI produced by Bank of America, and taking Rule 30(b)(6) depositions about all of the issues central to the facts and merits of this litigation.

7.   On June 1, 2012, the Parties filed their joint discovery plan pursuant to Fed. R. Civ. P. 26 and Civil Local Rules.  (D.E. No. 24).

8.   In connection with the Rule 26 conferences, Class Counsel drafted and sent Bank of America a proposed protective order regarding confidential and trade secret information.  This protective order was heavily negotiated before being submitted for the Court's approval on July 26, 2012.  (D.E. No. 28).

3
DECLARATION OF TIMOTHY G. BLOOD ISO PRELIMINARY APPROVAL

9.     Class Counsel also drafted and sent Bank of America a detailed proposal relating to the processes for retrieving, reviewing, and producing discovery, including ESI, as well as exchanging the types of IT disclosures mandated by Rule 26(f), the Civil Discovery Standards for the ABA Section on Litigation, and The Sedona Conference.  Continuously throughout this Action, beginning before the Rule 26(f) conference and continuing until the date a settlement term sheet was executed, the Parties have held numerous meet and confers regarding the production and retrieval of Bank of America's relevant ESI.  These negotiations included providing the full loan servicing files for a statistically significant percentage of the loans at issue, as well as the relevant keywords and phrases, date ranges, and electronic sources to be used in connection the production of Bank of America's ESI.

10.     Plaintiffs' Counsel served substantial written discovery on Bank of America.  On June 29, 2012, Plaintiffs' Counsel served first sets of interrogatories and requests for production.  On April 3, 2013 and June 3, 2013, Plaintiffs' Counsel served second and third sets of document requests, respectively.  On June 3, 2013 and June 12, 2013, Plaintiffs' Counsel served second and third sets of interrogatories, respectively.  The Parties extensively met and conferred regarding Bank of America's written responses and document productions in response to Plaintiffs' discovery requests.  As Judge Skomal is intimately aware, and as discussed below, the Parties engaged in substantial discovery motion practice with respect to certain discovery responses and deposition topics.

11.     As a result of the continuous meet and confer efforts, Bank of America produced approximately 50,000 pages of documents during the course of this action.  These documents related to HAMP underwriting guidelines, supplemental directives, and Defendant's related policies and procedures, procedures relating to the establishment of impound accounts, phone scripts,

BLOOD HURST & O'REARDON, LLP

credit reporting policies, exemplar loan servicing files for approximately 250 loans at issue, and targeted ESI, including emails, produced from the files of Defendant's most relevant employees, including those who developed its HAMP compliance procedures and the escrow analysis program at issue. Plaintiffs' Counsel devoted a team of attorneys to review, code and analyze these documents on a database system set up for this action.

12. Plaintiffs also responded to substantial discovery from Bank of America, and sat for depositions. Plaintiffs provided written responses to interrogatories and document requests, and produced more than 300 pages of documents from their files. Plaintiffs each also sat for full-day depositions by Bank of America.

13. Class Counsel took the depositions of two of Bank of America's senior employees in charge of HAMP-related policies pursuant to Fed. R. Civ. P. 30(b)(6). On December 18, 2012, Class Counsel took the deposition of Dani Camarena in Boise, Idaho. Ms. Camarena developed the escrow analysis at issue in this action, and she was offered by Bank of America as the person most knowledgeable relating to its HAMP policies and procedures, and loan-level information available for members of the Class. Much of the information gathered during this deposition was cited throughout and essential to Plaintiffs' motion for class certification (discussed below). On April 2, 2013, Class Counsel took the deposition of Marc Moss outside Los Angeles. Mr. Moss, a senior vice president at Bank of America, was also involved in implementing Defendant's HAMP procedures and was a 30(b)(6) designee on topics concerning HAMP and credit reporting policies and procedures. Class Counsel also served a subpoena for documents and testimony on Vincent Gangi, a former Bank of America executive involved in developing Defendant's HAMP policies. This deposition was postponed once the settlement term sheet was executed.

BLOOD HURST & O'REARDON, LLP

14.     The Parties spent a great deal of time meeting and conferring about appropriate discovery.  While many issues were resolved without requesting the Court's assistance, there were numerous occasions when the Parties ultimately raised discovery-related issues with Judge Skomal and his Chambers.   For example, the Parties had multiple conferences with Chambers about the production of HAMP form letters, telephone call recordings, and the production format of exemplar loan servicing files.  Additionally, on March 22, 2013, the Parties filed a joint motion for determination of Plaintiffs' motion to compel disclosure of Class Member contact information.  (D.E. Nos. 68-69).  The Parties also had a conference with Chambers about Bank of America's ESI production, including appropriate keywords and custodians.  (D.E. Nos. 67, 71 (describing the ESI dispute)).

15.     Plaintiffs' Counsel also worked with and retained an expert in the field of banking policies and practices, specifically including HAMP policies. The expert analyzed significant amounts of documents in preparation of an expert report.

16.     **Plaintiffs' Counsel Obtained an Order Granting Class Certification Pursuant to Rules 23(b)(2) and 23(c)(4)**:  On January 11, 2013, Plaintiffs filed their motion for class certification.  (D.E. No. 48).  Simultaneous with this filing, and after engaging in discovery, Plaintiffs' Counsel filed a motion for leave to file a first amended complaint to clarify the scope of the proposed Class and seek certification under Rules 23(b)(2) and (c)(4).  (D.E. No. 47).  The Parties fully briefed Plaintiffs' motion for class certification, and on April 19, 2013, this Court held a hearing on the motion.  (D.E. No. 82).  On April 29, 2013, the Court issued an order requesting supplemental briefing on the class certification motion.  (D.E. No. 83).  Pursuant to the order, Plaintiffs were to clarify whether they were willing to exclude monetary relief from a proposed

BLOOD HURST & O'REARDON, LLP

DECLARATION OF TIMOTHY G. BLOOD ISO PRELIMINARY APPROVAL

00067371

injunction.  (*Id.* at 1).  Plaintiffs and Defendant filed their supplemental briefing on May 10, 2013, and May 17, 2013, respectively.  (D.E. Nos. 84-85).

17.    On June 3, 2013, the Court issued the Order Granting Plaintiffs' Motion for Class Certification.  (D.E. No. 88).  Pursuant to Rules 23(a), (b)(2), and (c)(1)(B), the Court certified the following class on Plaintiffs' UCL claims and for declaratory relief only:

> All persons who had a residential mortgage loan secured by property located in the State of California and whose loan was serviced by Bank of America, where Bank of America created an impound account up until May 31, 2011, as a result of Bank of America's evaluation of eligibility for a loan modification pursuant to the Home Affordable Modification Program, and not because of a circumstances permitted by Civil Code § 2954.  Excluded from the Class are those who entered a "trial period program" pursuant to the Home Affordable Modification Program and defendants and any of their officers, directors and employees.

(*Id.* at 11-12).  The Court appointed Plaintiffs as Class Representatives and Timothy G. Blood and Thomas J. O'Reardon II as Class Counsel pursuant to Rule 23(g).  (*Id.* at 12).

18.    On July 1, 2013, Bank of America filed a motion for clarification or reconsideration of the order granting class certification.  (D.E. No. 90).  Prior to Plaintiffs' opposition deadline, on July 9, 2013, the Parties executed a detailed settlement term sheet.

19.    **Settlement Negotiations**:    At the same time the Parties were engaging in extensive briefing and discovery efforts, they were also engaging in numerous hard-fought, protracted and arms-length settlement negotiations before Judge Skomal and a private mediator.  As discussed above, the Parties held their first settlement conference with Judge Skomal on May 9, 2012.  The action did not settle.    Thereafter, the Parties participated in a voluntary settlement conference before Judge Skomal on November 2, 2012.  (D.E. No. 38).  In advance of this second settlement conference, Bank of America produced

DECLARATION OF TIMOTHY G. BLOOD ISO PRELIMINARY APPROVAL

00067371

BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

relevant documentation, and the Parties submitted updated settlement conference statements.  On December 7, 2012, the Parties participated in a full-day private mediation session with Scott S. Markus, Esq. of PMA Dispute Resolution.  Nevertheless, and despite these several attempts at mediation before both Judge Skomal and a private mediator, the Parties were not able to resolve the litigation.  Much of the hard-fought litigation described above occurred following these initial mediation sessions.  On December 3, 2012, and again on July 29, 2013, the Parties participated in telephonic conferences with Judge Skomal regarding settlement.  (D.E. Nos. 40, 100).  On July 9, 2013, after the Court issued its ruling on plaintiffs' motion for class certification and after both sides completed a significant amount of discovery, the Parties once again participated in a full-day mediation with Mr. Markus.  Finally, at the conclusion of that mediation, the parties reached a class settlement and executed a settlement term sheet.  Nonetheless, at the time the class settlement was reached, Plaintiffs' separate individual monetary claims remained unresolved.  Class Counsel did not negotiate those claims until after executing the term sheet that detailed the Class resolution.

20.   On August 19, 2013, the Parties held another in-person settlement conference with Judge Skomal in an attempt to resolve the Plaintiffs' individual monetary claims.  (D.E. No. 102).  With the assistance of Judge Skomal, the Parties ultimately reach an agreement in principle resolving the Plaintiffs' monetary claims, the terms of which are reflected in the Court's Finding Re: Named Plaintiffs' Potential Recovery.  (D.E. No. 103).  In essence, the amount of money to be paid to plaintiffs for their individual claims was determined by Judge Skomal based on evidence submitted by the Plaintiffs.

21.   Every aspect of this Settlement was heavily negotiated, including the terms of injunctive relief, each aspect of the Settlement Agreement and exhibits, the release, the process for closing escrow accounts, the process for

obtaining a no-interest payment plan option to repay outstanding escrow balances, and the Class Member notice and claims protocols. Although all material terms had been agreed upon, over the last few months, the Parties have continued to exchange drafts of each of the Settlement's exhibits and to negotiate the precise wording of the Stipulation of Settlement. This process was also hard-fought and protracted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of December, 2013, at San Diego, California.

Dated: December 13, 2013

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)

By:        /s/  *Timothy G. Blood*
        TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA  92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

*Attorneys for Plaintiffs and Class Counsel*

HOFFMAN & FORDE
SCHUYLER V.V. HOFFMAN V (255632)
DANIEL R. FORDE (248461)
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881
shoffman@hoffmanforde.com
dforde@hoffmanforde.com

ROBBINS ARROYO LLP
GREGORY E. DEL GAIZO (247319)
KEVIN S. KIM (275200)
600 B Street, Suite 1900

San Diego, CA 92101
Telephone: 619-525-3990
Facsimile: 619-525-3991
gdelgaizo@robbinsarroyo.com
kkim@robbinsarroyo.com

*Attorneys for Plaintiffs*

BLOOD HURST & O'REARDON, LLP

10

DECLARATION OF TIMOTHY G. BLOOD ISO PRELIMINARY APPROVAL

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed December 13, 2013.

s/  *Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

BLOOD HURST & O'REARDON, LLP

00067371