**SETTLEMENT AGREEMENT**

## I.      RECITALS

A.      This Settlement Agreement is entered into by and among Plaintiffs Rick Dolfo and Susan Dolfo ("Plaintiffs"), on behalf of themselves and the Class Members, and Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP (collectively, "Bank of America" or "Defendant"), and resolves in full this Action.  Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement.  Subject to Court approval as required by the applicable Federal Rules of Civil Procedure, and as provided herein, the Parties hereby agree that, in consideration for the promises and covenants set forth in the Agreement and upon the entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, this Action shall be settled and compromised upon the terms and conditions contained herein; and

B.      WHEREAS, on December 5, 2011, Plaintiffs, on behalf of themselves and all others similarly situated, filed a class action complaint against Defendant in the United States District Court for the Southern District of California, Case No. 3:11-cv-2828-DMS-BGS (the "Action") (Bank of America and Plaintiffs are referred to collectively as the "Parties"); and

C.      WHEREAS, on February 7, 2013, Plaintiffs, on behalf of themselves and all others similarly situated, filed the operative First Amended Complaint (the "Complaint") against Defendant; and

D.      WHEREAS, the Complaint alleges that Defendant improperly established impound (also known as escrow) accounts in connection with Plaintiffs and Class Members' residential mortgages, and that this conduct constituted a breach of contract, conversion, and violations of the Unfair Competition Law, Bus.

1

& Prof. Code, §17200, the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788, the Consumer Credit Reporting Agencies Act, Civil Code § 1785.1, of the Song-Beverly Credit Card Act of 1971, Cal. Civil Code § 1747.08, and entitles Plaintiffs and the Class members to declaratory relief; and

E.    WHEREAS, Defendant denies all allegations in the Action, including that it wrongfully established impound/escrow accounts, and has denied any wrongdoing (see Answer to Amended Complaint, Dkt. No. 63); and

F.    WHEREAS, Plaintiffs took extensive discovery, including written discovery, document discovery and depositions; and

G.    WHEREAS, after full briefing on Plaintiffs' motion for class certification, on June 3, 2013, the Court certified the following class pursuant to Fed. R. Civ. Proc. 23(a), (b)(2) and (c)(1)(B) "for declaratory relief:" All persons who had a residential mortgage loan secured by property located in the State of California and whose loan was serviced by Bank of America, where Bank of America created an impound account up until May 31, 2011, as a result of Bank of America's evaluation of eligibility for a loan modification pursuant to the Home Affordable Modification Program, and not because of a circumstances permitted by Civil Code § 2954.  Excluded from the class are those persons who entered a "trial period program" pursuant to the Home Affordable Modification Program and Defendant and any of its officers, directors and employees; and

H.    WHEREAS, after engaging in numerous arms-length settlement discussions, directly and with the assistance of a day and a half of mediation with the Hon. Bernard G. Skomal and two days of mediation with Scott Markus, Esq., counsel for all Parties have reached the resolution set forth in this Agreement, providing for, among other things, the settlement of the Action between and among Plaintiffs, on behalf of themselves and the Class, and Defendant, on the terms and subject to the conditions set forth below; and

I.    WHEREAS, the Parties agree that throughout the course of the litigation, all Parties and their counsel complied with the provisions of Federal Rule of Civil Procedure 11; and

J.    WHEREAS, Class Counsel have determined that a settlement of the Action on the terms reflected in this Agreement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the Class; and

K.    WHEREAS, Defendant, to avoid the costs, burden, disruption and distraction of further litigation, and without admitting the truth of any allegations made in the Action, or any liability with respect thereto, has concluded that it is desirable that the claims against it be settled and dismissed on the terms reflected in this Agreement;

L.    NOW, THEREFORE, this Agreement is entered into by and among the Parties, by and through their respective counsel and representatives, and the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be settled and compromised as between Plaintiff and the Class on the one hand, and Defendant on the other hand; and (2) upon final approval of the Agreement the Final Judgment and Order Approving Settlement, substantially in the form attached as Exhibit 1 hereto, shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Released Parties, on the terms and conditions described below.

## II.    DEFINITIONS

A.    As used in this Agreement and the attached exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference) the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise:

1.    "Action" means *Rick Dolfo et al. v. Bank of America, N.A. et al.,* Case No. 3:11-cv-2828-DMS-BGS (S.D. Cal.).

2.     "Agreement" means this Settlement Agreement and all exhibits attached hereto or incorporated herein, including any subsequent amendments agreed to by the Parties and any exhibits to such amendments (the "Settlement").

3.     "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to compensate Class Counsel and all other Plaintiffs' Counsel as determined by the Court, as described more particularly in Section IX of this Agreement.

4.     "Bank of America's Counsel" means the following counsel of record for Defendant: Chad Fuller and Naomi Spector of Troutman Sanders LLP.

5.     "Claims Protocol" means the protocol for reviewing and approving claims, attached as Exhibit 3.

6.     "Class" and "Class Member(s)" each means all persons who are class members pursuant to the Court's June 3, 2013 Order certifying class entered in the Action (Docket No. 88).

7.     "Class Letter" means the letter to be disseminated to Class Members informing them about the Settlement Agreement and their rights under it. A copy of the Class Letter is attached as Exhibit 4.

8.     "Class Letter Plan" means the protocol for disseminating the Class Letter to Class Members.  The Class Letter Plan is described in Exhibit 3 attached.

9.     "Class Representatives" mean plaintiffs Rick Dolfo and Susan Dolfo.

10.     "Class Counsel" means Timothy G. Blood and Thomas J. O'Reardon II of Blood Hurst & O'Reardon, LLP.

11.     "Court" means the United States District Court for the Southern District of California, the Honorable Dana M. Sabraw presiding and/or such other United States District Court Judge for the Southern District of California to whom

the Action may hereafter be assigned.

12. "Covered Mortgage Loan" means a residential mortgage loan secured by property located in the State of California that is or was serviced by Bank of America, for which Bank of America created an escrow account from April 17, 2009 until May 31, 2011, as a result of Bank of America's evaluation of the borrower's eligibility for a loan modification pursuant to the Home Affordable Modification Program, and not because of circumstances permitted by Civil Code § 2954. Excluded from the definition of Covered Mortgage Loan are those residential mortgage loans which were entered into a "trial period program" pursuant to the Home Affordable Modification Program and those residential mortgage loans for which the borrower received a modification.

13. "Defendant" and "Bank of America" mean, collectively, Bank of America, N.A. and BAC Home Loans Servicing, LP.

14. "Effective Date" means the last date on which all of the following have occurred: (a) the Court has issued all necessary orders under Fed. R. Civ. P. 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Agreement; (b) the Court has entered a judgment finally approving the Settlement of the Action in a manner substantially consistent with the terms and intent of the Agreement ("Judgment"); and (c) either: (i) thirty-five (35) days have passed after entry of the Judgment and within such time, no appeal is taken, or (ii) the date after all appellate remedies are exhausted and the Judgment is upheld, or not altered in a manner that is substantially inconsistent with the Settlement and Judgment, provided that any change or modification that may increase any of Defendant's liability or reduce the scope of the Releases or of the Class shall be considered as preventing the occurrence of Final Approval, unless Defendant waives this condition.

15. "Escrow Account" means an account established by Bank of

America for the purpose of assuring payment of property taxes, homeowners insurance premiums and/or other charges with respect to the property secured by the Covered Mortgage Loan.

16.    "Final Approval Date" means the date upon which the Final Judgment and Order Approving Settlement is entered by the Court, substantially in the form of Exhibit 1.

17.    "Final Approval Hearing" means the hearing to be conducted by the Court on such date as the Court may order on the Final Approval Motion to determine the fairness, adequacy, and reasonableness of the Agreement.

18.    "Final Judgment and Order Approving Settlement" means the Final Judgment and Order Approving Settlement to be entered by the Court, substantially in the form of Exhibit 1, that approves the Settlement, as fair, adequate, and reasonable, and issues such other findings and determinations as the Court and/or the Parties deem necessary and appropriate to implement the Settlement Agreement.

19.    "Motion for Preliminary Approval of Settlement" means the unopposed motion, to be filed by the Plaintiffs, for Preliminary Approval of this Agreement.

20.    "Notice and Claim Administration Expenses" means all costs and expenses incurred by the Settlement Administrator, including all notice expenses, the cost of administering the Class Letter Plan and the costs of processing all claims made by Class Members.

21.    "Notice Date" means the date by which the Settlement Administrator substantially completes dissemination of the Class Letter as provided in the Agreement, and shall be no later than 60 days after the Court enters an order granting Preliminary Approval of this Settlement.

22.    "Objection Date" means the date by which Class Members

must file and serve objections to the Agreement and shall be no later than 30 days before the date first set for the Final Approval Hearing.

23.     "Parties" means Plaintiffs and Defendant.

24.     "Plaintiffs" means Rick Dolfo and Susan Dolfo.

25.     "Plaintiffs' Counsel" means the following counsel of record: Blood Hurst & O'Reardon, LLP; Hoffman & Forde; and Robbins Arroyo LLP.

26.     "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form of Exhibit 5, preliminarily approving the Settlement, setting the date of the Final Approval Hearing, approving the Class Letter Plan, Class Letter, and Request Form, and setting the Objection Date and Notice Date.

27.     "Released Claims" and "Released Parties" mean those claims and parties released of liability under Section VIII.

28.     "Request Deadline" means the date by which all Request Forms must be postmarked or submitted online to the Settlement Administrator to be considered timely.  The Request Deadline shall be stated in the Class Letter, the Settlement Website, and in the Request Form, and shall be no later than 60 days after the date first set by the Court for the Final Approval Hearing.

29.     "Request Form" means the form to be used by a Class Member to submit a Request to the Settlement Administrator to have an Impound Account Removed.  The proposed Request Form is subject to Court approval and attached hereto as Exhibit 2.

30.     "Request to have Impound Account Removed" means a Request Form submitted by a Class Member to the Settlement Administrator in accordance with the terms of the Agreement.

31.     "Settlement Administrator" means the entity(ies) retained by the Parties and approved by the Court to design and implement the program for

disseminating the Class Letter to the Class, administer the Request Forms, and perform overall administrative functions.

32. "Settlement Website" means the Internet website to be established for this Settlement by the Settlement Administrator to provide information to the public and the Class about this Agreement and to permit Class Members to submit Request Forms online.

B. Other capitalized terms in this Agreement but not defined in Section II.A. shall have the meanings ascribed to them elsewhere in this Agreement.

## III. DISMISSAL OF COMPLAINT

Upon final approval of the Settlement by the Court, the Final Judgment and Order Approving Settlement, substantially in the form attached hereto as Exhibit 1, will be entered by the Court, providing for the dismissal of this Action with prejudice.

## IV. SETTLEMENT RELIEF

A. <u>Escrow Account Closure Option</u>. Class Members will receive a Class Letter, substantially in the form of Exhibit 4, informing them of the Settlement Agreement, their ability to elect to close their Escrow Account if they have a loan that is currently serviced by Bank of America, and their legal rights.

B. <u>Negative Escrow Balance Repayment Options</u>. As set forth in the Class Letter, in addition to the option to close their Escrow Accounts, for those Class Members with a Covered Mortgage Loan that is currently serviced by Bank of America and who elect to close an escrow account which has a negative escrow balance, Bank of America shall provide Class Members with a zero-interest repayment option. Eligible class members must contact Bank of America at [Toll free number/escalation cue signifier] to discuss their repayment options. Bank of America will not make any derogatory credit report as a result of Class Members exercising their settlement rights under this provision.

## V. REQUEST FORM SUBMISSION AND REVIEW

A.     Class Members may submit a Request Form asking to have their escrow accounts closed, which the Settlement Administrator shall review and process pursuant to the Claims Protocol, which is attached as Exhibit 3.

B.     Request Forms will be distributed as part of the Class Letter Plan as described below, will be available for on-line submission from the Settlement Website, will be available for download from the Settlement Website, and upon request will be mailed or emailed to Class Members by the Settlement Administrator.  There will also be a link to the Settlement Website from Class Counsel's website.  Request Forms may be submitted to the Settlement Administrator by U.S. mail or other regularly maintained mail delivery service via postage pre-paid means.

C.     The Settlement Administrator shall provide periodic updates to Class Counsel and Bank of America regarding Request Form submissions beginning not later than one week after Class Letters are first mailed and continuing on a weekly basis thereafter.

D.     The Settlement Administrator shall complete the processing of eligible Request Forms by thirty (30) days after the later in time of (i) the Effective Date and (ii) the Request Deadline.  Bank of America shall complete processing Request Forms within 60 days of the Settlement Administrator completing its processing of eligible Request Forms.

E.     All Notice and Claim Administration Expenses shall be paid by Bank of America.

## VI. RETENTION OF THE SETTLEMENT ADMINISTRATOR

A.     The Parties shall select a Settlement Administrator to help implement the terms of the proposed Agreement.  The cost of the Settlement Administrator will be paid by Defendant.

1.     The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (1) sending by direct mail the Class Letter and Request Form to Class Members, (2) handling returned mail not delivered to Class Members, (3) attempting to obtain updated address information for Class Members and for any notices returned without a forwarding address or an expired forwarding address, (4) making any additional mailings required under the terms of this Agreement, (5) answering written inquiries from Class Members and/or forwarding such inquiries to Class Counsel or their designee, (6) establishing the Settlement Website that posts notices, Request Forms and other related documents, (7) establishing a toll-free telephone number that will provide Settlement-related information to Class Members, (8) receiving and processing Request Forms from Class Members, and (9) otherwise assisting with administration of the Agreement.

B.     The contract(s) with the Settlement Administrator shall obligate the Administrator to abide by the following performance standards:

1.     The Settlement Administrator shall accurately and objectively describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Agreement in communications with Class Members;

2.     The Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Bank of America and/or Bank of America's Counsel.

## VII.   CLASS LETTER PLAN AND OBJECTION RIGHTS
### A.     CLASS LETTER PLAN

1.     No later than 90 days before the Final Approval Hearing, Bank of America shall provide the Settlement Administrator files that identify the names, email addresses (if feasible), and last known mailing addresses of Class

Members, as well as the Covered Mortgage Loan numbers, or other identifying information such as an assigned class member number, for use in the Class Letters, and information that identifies whether the Class Member has a Covered Mortgage Loan currently serviced by Bank of America. The Settlement Administrator shall update the mailing addresses through the National Change of Address Database.

2.      No later than 60 days before the Final Approval Hearing, the Class Letter and Request Form shall be mailed to the last known address (after updating addresses by reference to the National Change of Address database) of all Class Members (the "Initial Mailed Notice"). Where a borrower and co-borrower on a Loan reside at the same residential address, a single Class Letter and Request Form may be mailed to both borrower and co-borrower at their residential address. Class Members will be able to download a Spanish-language version of the Class Letter and Request Form from the Settlement Website.

3.      The Settlement Administrator shall perform reasonable address traces for all Class Letters returned as undeliverable from the Initial Mailed Notice. No later than 35 days from the Initial Mailed Notice, the Settlement Administrator shall complete the re-mailing of Class Letters and Request Forms to those Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

4.      The Class Letter and the Request Form shall be substantially in the form of Exhibits 4 and 2, respectively, attached hereto.

5.      No later than 10 days after the Order of Preliminary Approval, the Settlement Administrator will post the Class Letter and Request Form on the Settlement Website. The Class Letter and Request Form shall remain available by these means until the Effective Date.

6.      The Class Letter and the Request Form shall also be sent via electronic mail to Class Members who so request.

7.    At or prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court with an affidavit attesting that Class Letters were disseminated pursuant to the Agreement.

## B.    OBJECTING TO THE SETTLEMENT

1.    The Class Letter shall also include a procedure for Class Members to object to the fairness of the Settlement.  Any Class Member who intends to object to the fairness of the Settlement must do so in writing no later than the Objection Date.  The written objection must be filed with the Court and served on the Class Counsel identified in the Class Letter and Bank of America's Counsel no later than the Objection Date.  To be considered by the Court, the written objection must include:

a)    a heading which refers to the Action;

b)    the objector's name, residential address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel as well.;

c)    an explanation of the basis upon which the objector claims to be a Class Member;

d)    a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel;

e)    all grounds for the objection, accompanied by any legal support for the objection known to the objector or his/her counsel;

f)    copies of any papers, briefs, or other documents upon which the objection is based; and

g)    the objector's handwritten signature (an attorney's signature is not sufficient).

2.      Any Class Member who files and serves a written objection, as described in the preceding paragraph, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees.  Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on Class Counsel identified in the Class Letter and Defendant's Counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing, or as the Court may otherwise direct.

3.      Any Class Member who fails to comply with the provisions of Sections VII.B.1. and VII.B.2. above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

## VIII.  RELEASES

A.      The Agreement shall be the sole and exclusive remedy for any and all Released Claims of all Releasing Parties against all Released Parties.  No Released Party shall be subject to liability of any kind to any Releasing Party with respect to any Released Claim.  Upon the Effective Date, and subject to fulfillment of all of the terms of this Agreement, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim against any Released Party in any court or any forum.

B.      The following terms have the meanings set forth herein:

1.      "Released Claims" means any and all actions, claims, demands, rights, suits, and causes of action of whatever kind or nature against the Released Persons for declaratory or injunctive relief concerning the facts alleged in the

Action, including without limitation those known or unknown, concerning the improper opening of Escrow Accounts, as well as any claims for attorneys' fees and costs arising from this Action. The release does not include any action, claim, demand or cause of action of whatever kind or nature for monetary relief. It is the Parties' intention that all such claims are released, notwithstanding a contention that a claim accrues or arises after today but is otherwise based on or concerning acts or omissions encompassed by this Release. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

2.      "Released Parties" means Bank of America, N.A. and BAC Home Loans Servicing, LP, including all of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and affiliates, and any and all of their past, present and future officers, directors, employees, stockholders, partners, agents, servants, successors, attorneys, insurers, representatives, licensees, licensors, subrogees and assigns.

3.      "Releasing Parties" means Plaintiffs and each and every Class Member, each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government as *parens patriae*) ("Releasing Parties").

C.      On the Effective Date, each Releasing Party shall be deemed to have released and forever discharged each of the Released Parties of and from any and all liability for any and all Released Claims.

D.      With respect to any and all Released Claims, and upon the Effective Date without further action, for good and valuable consideration, Plaintiffs, on

behalf of themselves and the Class and as the representatives of the Class, shall expressly, and Releasing Parties shall be deemed to, and by operation of the Final Judgment and Order Approving Settlement shall, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

E.     On the Effective Date, each of the Released Parties shall be deemed to have released and forever discharged each of the Releasing Parties and their respective counsel, including Plaintiffs' Counsel, for all claims arising out of or relating to the institution, prosecution and resolution of the Action, except to enforce terms and conditions contained in this Agreement.

F.     The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Agreement.

## IX.     ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARDS

A.     The award of attorneys' fees and expenses will be paid by Bank of America.  Class Counsel shall make an application for an award of attorneys' fees not to exceed $650,000 and for an award of out-of-pocket expenses reasonably

incurred in the prosecution of the Action. Bank of America may oppose any amounts sought exceeding $400,000. The application for an award of attorneys' fees and expenses will be made by Class Counsel on behalf of themselves and Plaintiffs' Counsel. Class Counsel shall be responsible for allocating and distributing the attorneys' fees and expense award to Plaintiffs' Counsel and Bank of America shall not incur any liability from such distribution.

B.      The attorneys' fees and expenses awarded by the Court shall be paid by Bank of America to Class Counsel within ten (10) calendar days after the Effective Date.

C.      Bank of America agrees not to oppose an application for plaintiff service awards in the amount of $7,500 to Plaintiffs, each. The purpose of such awards shall be to compensate Plaintiffs for efforts and risks taken by them on behalf of the Class.

## X.      FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Judgment and Order Approving Settlement that finally certifies the Class for the purposes of this settlement, grants final approval of the Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder. Such Final Judgment and Order Approving Settlement shall be in substantially the form attached hereto as Exhibit 1.

## XI.     REPRESENTATIONS AND WARRANTIES

A.      Bank of America represents and warrants: (1) that it has the requisite corporate power and authority to execute, deliver and perform the Agreement and to consummate the transactions contemplated hereby; (2) that the execution, delivery and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate

action on the part of Bank of America; and (3) that the Agreement has been duly and validly executed and delivered by Bank of America and constitutes its legal, valid and binding obligation.

B.     Plaintiffs represent and warrant that they are entering into the Agreement on behalf of themselves individually and as proposed representatives of the Class Members, of their own free will and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court, including the settlement reached on Plaintiffs' individual claims as provided in Magistrate Judge Bernard G. Skomal's Finding re Named Plaintiff's Potential Recovery dated September 3, 2013. Plaintiffs represent and warrant that they have reviewed the terms of the Agreement in consultation with Class Counsel and believe them to be fair and reasonable, and covenant that they will not object to the Agreement. Class Counsel represent and warrant that they are fully authorized to execute the Agreement on behalf of Plaintiffs.

C.     The Parties warrant and represent that no promise, inducement or consideration for the Agreement has been made, except those set forth herein.

## XII.  NO ADMISSIONS, NO USE

The Agreement and every stipulation and term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only. Whether or not consummated, this Agreement shall not be: (a) construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiffs, Bank of America, any Class Member or Releasing or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party; or (b) construed as,

17

offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission of any liability, fault or wrongdoing, or in any way referred to for any other reason, by Plaintiffs, Bank of America, any Releasing Party or Released Party in the Action or in any other civil, criminal or administrative action or proceeding other than such proceedings as may be necessary to effectuate the provisions of the Agreement.

## XIII. TERMINATION OF THIS AGREEMENT

A.    Any Party may terminate this Agreement by providing written notice to the other Parties hereto within ten (10) days of any of the following events:

1.    The Court does not enter an order granting Preliminary Approval that conforms in material respects to Exhibit 5 hereof; or

2.    The Court does not enter a Final Judgment and Order Approving Settlement conforming in material respects to Exhibit 1, or if entered, such Final Judgment and Order Approving Settlement is reversed, vacated, or modified in any material respect by another court.

B.    In the event that this Agreement terminates for any reason, all Parties shall be restored to their respective positions as of immediately prior to the date of execution of this Agreement.  Upon termination, Sections XII and XIV.P and R herein shall survive and be binding on the Parties, but this Agreement shall otherwise be null and void.  In no event will Bank of America be entitled to recover any funds spent for Notice and Claims Administration Expenses prior to termination of this Agreement.

## XIV. MISCELLANEOUS PROVISIONS

A.    Entire Agreement:  The Agreement, including all Exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the Agreement and shall supersede any previous agreements, representations, communications and understandings among the Parties with respect to the subject

matter of the Agreement.  The Agreement may not be changed, modified, or amended except in a writing signed by one of Class Counsel and one of Bank of America's Counsel and, if required, approved by the Court.  The Parties contemplate that the Exhibits to the Agreement may be modified by subsequent agreement of Bank of America and Class Counsel, or by the Court.

B.     Governing Law:  The Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

C.     Execution in Counterparts:  The Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures scanned to PDF and sent by e-mail shall be treated as original signatures and shall be binding.

D.     Notices:  Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class US Mail and email to:

1.     If to Plaintiffs or Class Counsel:

Timothy G. Blood
Thomas J. O'Reardon II
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone:  619/338-1100
tblood@bholaw.com
toreardon@bholaw.com

2.     If to Bank of America or Bank of America's Counsel:

Chad R. Fuller
Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130

Telephone: (858) 509-6000
Facsimile: (858) 509-6040
Chad.Fuller@troutmansanders.com

E.    Good Faith:  The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

F.    Protective Orders:  All orders, agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.  Notwithstanding such provision in the Protective Order, Bank of America's Counsel and Class Counsel may retain copies of all deposition transcripts and exhibits and all documents submitted to the Court, but those documents must be kept confidential to the extent they were designated as "Confidential," and will continue to be subject to the Protective Order.

G.    Binding on Successors:  The Agreement shall be binding upon, and inure to the benefit of the respective heirs, successors and assigns of the Released Parties, and the beneficiaries of the Release.

H.    Arms-Length Negotiations:  The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel.  This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.  Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this

Agreement has been a mutual undertaking.

I.    Waiver:  The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

J.    Variance:  In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).

K.    Exhibits:  All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

L.    Taxes:  No opinion concerning the tax consequences of the Agreement to any Class Member is given or will be given by Bank of America, Bank of America's Counsel, Class Counsel, or Plaintiffs' Counsel; nor is any Party or their counsel providing any representation or guarantee respecting the tax consequences of the Agreement as to any Class Member.  Each Class Member is responsible for his/her tax reporting and other obligations respecting the Agreement, if any.

M.    Implementation Before Effective Date:  The Parties may agree in writing to implement the Agreement or any portion thereof after the entry of the Final Judgment and Order Approving Settlement, but prior to the Effective Date.

N.    Modification in Writing:  This Agreement may be amended or modified only by written instrument signed by one of Class Counsel and one of Bank of America's Counsel.  Amendments and modifications may be made without additional notice to the Class Members unless such notice is required by the Court.

O.    Settlement Purposes Only:  This Agreement is entered into only for purposes of settlement.  In the event that Final Approval of this Agreement and this Settlement does not occur for any reason or the Agreement and/or Settlement is

terminated as provided herein, this Agreement shall become null and void, provided however, that either Defendant or Plaintiffs may waive this provision in its/their discretion. In the event the Agreement shall become null and void, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. Any classes or orders entered pursuant to the Settlement shall be null and void, shall not be an adjudication of any fact or issue for any purpose other than the attempted effectuation of this Agreement, and shall not be considered as law of the case, *res judicata*, or collateral estoppel in this or any other proceeding. In addition, the status of the Action shall revert to the state it was in prior to Settlement, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting.

P.     Defendant Shall Perform In Good Faith: The obligations of Defendant with respect to Request Forms, Request to have Impound Account Removed, provision of Negative Escrow Balance Repayment options, provision of files identifying Class Members to the Settlement Administrator and its service, acts, or omissions as Settlement Administrator (if any), shall be performed reasonably and in good faith, subject to the further provision that the terms of the Settlement and any Court orders shall control. So long as it abides by the terms of the Settlement, Defendant shall not be liable for erroneous, improper, or inaccurate actions or omissions, and the Releases and Judgment shall be effective as of the Final Approval Date as to every Class Member notwithstanding any error or dispute, so long as such error or dispute is corrected or addressed thereafter.

Furthermore, Defendant shall not have any liability to Class Members who do not have a Covered Mortgage Loan currently serviced by Bank of America based on the settlement terms described herein.

Q. No Change in Covered Mortgage Loan: Under no circumstances shall the Settlement or the Agreement or the Releases be deemed to alter, amend, change, or require a change in the terms, conditions, status, and legal effect of any Covered Mortgage Loan, Covered Mortgage Loan account, or court filing as to a Covered Mortgage Loan or as to which any Class Member is or was concerned, or to provide a defense to any such Covered Mortgage Loan, including but not limited to, a defense based on the so-called "one action" rule.

R. Dispute: In the event of any dispute between the Parties prior to the Final Approval Date, the dispute shall be settled by mediation with Scott Markus of Agreement.com.

S. Integration: This Agreement represents the entire understanding and agreement among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings related to the subject matter of this Agreement. The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or undertaking concerning any part or all of the subject matter of this Agreement has been made or relied upon except as set forth expressly herein.

T. Retain Jurisdiction: The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Agreement embodied in this Agreement.

IN WITNESS WHEREOF, Plaintiffs Rick and Susan Dolfo have caused the Agreement to be executed on their behalf by their duly authorized counsel of record, as of the day set forth below.

Dated: December / ζ, 2013

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)

By: _____

TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101
tblood@bholaw.com
toreardon@bholaw.com

*Class Counsel and Attorneys for
Plaintiffs*

IN WITNESS WHEREOF, Defendant has caused the Agreement to be executed, as of the date set forth below,

Dated: December 13 2013

By: Katherine Cacho
   KATHERINE CACHO
   on behalf of Bank of America, N.A.
   VP, Senior Operations Manager

25

REVIEWED AND APPROVED AS TO FORM AND CONTENT:

Dated: December 17, 2013          BLOOD HURST & O'REARDON, LLP
                                  TIMOTHY G. BLOOD (149343)

                                  By: _____
                                  TIMOTHY G. BLOOD
                                  Attorneys for Plaintiffs Rick and
                                  Susan Dolfo And the Members of
                                  the Settlement Class


Dated: December __, 2013          TROUTMAN SANDERS LLP
                                  CHAD R. FULLER (190830)
                                  NAOMI B. SPECTOR (277289)

                                  By: _____
                                  CHAD R. FULLER

                                  Attorneys for Defendants
                                  Bank of America, N.A. and
                                  BAC Home Loans
                                  Servicing, L.P.

REVIEWED AND APPROVED AS TO FORM AND CONTENT:

Dated: December __, 2013          BLOOD HURST & O'REARDON, LLP
                                  TIMOTHY G. BLOOD (149343)


                                  By: _____
                                  TIMOTHY G. BLOOD
                                  Attorneys for Plaintiffs Rick and
                                  Susan Dolfo And the Members of
                                  the Settlement Class


Dated: December 13 2013           TROUTMAN SANDERS LLP
                                  CHAD R. FULLER (190830)
                                  NAOMI B. SPECTOR (277289)

                                  By: _____
                                  CHAD R. FULLER

                                  Attorneys for Defendants
                                  Bank of America, N.A. and
                                  BAC Home Loans
                                  Servicing, L.P.

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DOLFO and SUSAN DOLFO, on behalf of Themselves, All Others Similarly Situated and the General Public, | Case No.: 3:11-cv-2828-DMS-BGS |
| | <u>CLASS ACTION</u> |
| Plaintiffs, | **PROPOSED FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT** |
| v. | Judge: Hon. Dana M. Sabraw |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVING, LP, | Crtrm: 13A, 13th Floor |
| Defendants. | |

1    This matter came on for hearing on _____, 2014, at _____.  The

2    Court has considered the Settlement Agreement filed on December 13, 2013

3    ("Settlement"), Dkt. No. ___, oral and/or written objections and comments

4    received regarding the proposed Settlement, the record in the above-entitled

5    lawsuit ("Action") and the arguments and authorities of counsel.  Good cause

6    appearing,

7        IT IS HEREBY ADJUDGED AND DECREED THAT:

8        1.    This Judgment incorporates by reference the definitions in the

9    Settlement, and all terms used herein shall have the same meanings as set forth in

10   the Settlement unless set forth differently herein.

11       2.    The Court has jurisdiction over the subject matter of this Action and

12   all Parties to the Action, including all Class Members.

13       3.    Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court has

14   certified the following Class:

15       All persons who had a residential mortgage loan secured by property
         located in the State of California and whose loan was serviced by Bank of
16       America, where Bank of America created an impound account up until
         May 31, 2011, as a result of Bank of America's evaluation of eligibility
17       for a loan modification pursuant to the Home Affordable Modification
         Program, and not because of a circumstances permitted by Civil Code
18       §2954.  Excluded from the Class are those who entered a "trial period
         program" pursuant to the Home Affordable Modification Program and
19       defendants and any of their officers, directors and employees.

20       4.    Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such

21   persons who satisfy the Class definition above are Class Members bound by this

22   Judgment.

23       5.    All Class members are bound by this Judgment and by the terms of

24   the Settlement Agreement.

25       6.    The Court directed that class notice be given to Class Members

26   pursuant to the Class Letter Plan program proposed by the Parties and approved

27   by the Court.  In accordance with the Court's Preliminary Approval Order and

28

the Court-approved notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Letter advised Class Members of the terms of the Settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to object to the Settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

7.    The distribution of the Class Letter constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, and any other applicable law. Furthermore, Defendants complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, in providing timely, written notice of the Settlement to the U.S. Attorney General and the California Attorney General.

8.    Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of the Hon. Bernard G. Skomal and Scott S. Markus, Esq. of Agreement.com Commercial Mediation. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

9.    The Settlement, this Judgment, or the fact of the Settlement does not constitute any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action.

10. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs Rick Dolfo and Susan Dolfo spent substantial time and effort and participated in the Action, acted to protect the Class, and assisted their counsel, including by providing documents and information, sitting for depositions, and attending court hearings and private mediation. The efforts of Class Counsel have produced the Settlement entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel have made an application for an award of attorneys' fees and expenses in connection with the prosecution of the Action on behalf of themselves and the other Plaintiffs' Counsel. The fee award requested is $____, which constitutes a ____ lodestar-multiplier of the reasonable hours incurred by Plaintiffs' Counsel on this Action, plus a request for reimbursement of out of pocket expenses totaling $____, which the Court finds to be a fair, reasonable and justified attorneys' fee and expense award under the circumstances. The Court hereby awards $_____ as attorneys' fees and $_____ in costs to be paid by Defendants. Class Counsel shall be responsible for distributing and allocating the Attorneys' Fees and Expenses award to Plaintiffs' Counsel in their sole discretion. Further, Plaintiffs Rick Dolfo and Susan Dolfo are each entitled to service awards of $7,500, that Defendants agree to pay.

11. The Court hereby dismisses with prejudice the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

12. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

1    13.    The Court finding that no reason exists for delay in ordering final

2  judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby

3  directed to enter this Judgment forthwith.

4    14.    The Parties are hereby authorized without needing further approval

5  from the Court, to agree to and adopt such modifications and expansions of the

6  Settlement, including without limitation, the forms to be used in the claims

7  process, which are consistent with this Judgment and do not limit the rights of

8  Class members under the Settlement.

9    **IT IS SO ORDERED.**

10

11  DATED: _____        _____

12                                THE HON. DANA M. SABRAW

13                                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

You must provide all of the information requested below.  Once completed, mail or fax this form to:

[Claims Administrator]

[Address]

[City, State]

[Fax Number]

You may also submit a claim form electronically at **www.BofAEscrowSettlement.com.**

To be eligible to close your escrow account under the settlement, you must:

- Have a mortgage loan that is currently serviced by Bank of America, which was not enrolled in a loan modification trial period program and which was not modified;
- Fill out this Request Form in its entirety;
- Sign the verification statement at the end of the Request Form.  All borrowers on the mortgage loan must execute the Request Form; AND
- Return this completed Request Form *no later than* _____, 201_.
- **Certain investor requirements may prevent closure of an escrow account, including Federal Housing Administration ("FHA"), Veterans Administration ("VA"), California Housing Finance Agency and Rural Housing Services loans.  In addition, you may not close an escrow account if you have Lender Placed Insurance.  If Bank of America determines that investor requirements mandate that your loan have an escrow account, or that your loan has Lender Placed Insurance, you will not be able to close your escrow account.**

If Bank of America's records show that your loan is currently serviced by Bank of America and you currently have an escrow account (also known as an impound account), you may elect to close your escrow account, provided you do not have Lender Placed Insurance and certain investor requirements do not require that you have an escrow account.  **By electing to close your escrow account you understand that you will be responsible for directly paying any escrowed items, including your property taxes and homeowners insurance premiums upon closure of your escrow account**.  **You also understand that Bank of America may re-open an escrow account if you fail to make two consecutive property tax payments or one homeowners' insurance payment.**

### NEGATIVE ESCROW REPAYMENT

If you are eligible and elect to close your escrow account, and have a negative escrow balance, Bank of America will provide you with interest-free repayment options for the negative escrow balance.  You must call [Toll free number/escalation cue signifier] to discuss your repayment options.  If you elect to close your escrow account and have a negative escrow balance, you will be required to make regular escrow balance payments, until the negative balance is paid in full.

### CLASS MEMBER INFORMATION

| | |
|---|---|
| Name: | Telephone: |
| Address: | |
| City: | State: Zip Code: |

**[__] I/we want to close my/our escrow account.  I/we understand that certain investor requirements may prevent closure of my/our escrow account and that I/we may not close my/our escrow account if I/we have Lender Placed Insurance.  I/we also understand that, if my/our escrow account is closed, I/we will be responsible for directly paying any escrowed items, including my/our property taxes and homeowners insurance premiums upon closure of the escrow account.  In addition, I/we understand that, if my escrow account has a negative balance, I/we will be responsible for repayment of that balance, even if my/our escrow account is closed.**

## VERIFICATION STATEMENT

THE INFORMATION I PROVIDED ON THIS REQUEST FORM IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

SIGNATURE: _____  DATE: _____

SIGNATURE: _____  DATE: _____

**REMEMBER TO SUBMIT THIS FORM BY [M, D, Y], IF YOU WANT TO CLOSE YOUR ESCROW ACCOUNT QUESTIONS?  VISIT WWW.BOFAESCROWSETTLEMENT.COM OR CALL 1-800-XXX-XXXX.**

# EXHIBIT 3

**Claims Protocol and Class Letter Plan**

This Claims Protocol and Class Letter Plan (the "Protocol") is part of the Settlement Agreement ("Settlement") and shall be used by the Settlement Administrator to identify potential Class Members, disseminate Class Letters and Request Forms, establish the Settlement Website, review and process those claims submitted pursuant to the Settlement and otherwise implement the terms of the claim review and administration process. All capitalized terms used in this Protocol shall have the same meaning given them in the Settlement.

**1.     Settlement Administrator's Role and Duties**

(a)     The Settlement Administrator must consent, in writing, to serve and shall abide by the obligations of the Settlement, this Protocol, and the Orders issued by the Court.

(b)     The Settlement Administrator shall warrant that it knows of no reason why it cannot fairly and impartially administer the Class Letter Plan and claim review process set forth in the Settlement. If the Settlement Administrator, Defendant, or Class Counsel learns of a conflict of interest as to a Claim or Request Form, that party shall give written notice to the other Parties, who shall resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution. The Settlement Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Settlement Administrator's breach of this provision.

(c)     The Settlement Administrator shall keep a clear and careful record of all communications with Class Members, all claims decisions, all expenses, and all tasks performed in administering the Class Letter Plan and claim review processes.

(d)     The Settlement Administrator shall provide periodic reports to Class Counsel and Defendant's Counsel regarding Request Form submissions beginning not later than one week after the Class Letter is first disseminated and continuing on a weekly basis thereafter.

(e)     The actual cost of the Settlement Administrator shall be paid, from time to time, as determined by submitted and approved invoices, by Defendant.

(f)     The Settlement Administrator shall take all reasonable efforts to administer the Claims and Request Forms efficiently and avoid unnecessary fees and expenses. The Settlement Administrator shall only be reimbursed for fees and expenses supported by detailed and clear timesheets and receipts for costs. As soon as work commences, the Settlement Administrator shall provide a detailed written accounting of all fees and expenses on a monthly basis to Class Counsel and Bank of America's Counsel, and shall respond promptly to inquiries by these counsel concerning fees and expenses.

- 1 -

(g)     The Parties are entitled to observe and monitor the performance of the Settlement Administrator to assure compliance with the Settlement.  The Settlement Administrator shall promptly respond to all inquiries and requests for information made by Defendant or its counsel or Class Counsel.

## 2.     The Class Letter Plan

(a)     No later than 90 days before the Final Approval Hearing, Bank of America shall provide the Settlement Administrator files that identify the names and last known mailing addresses of Class Members, as well as the Covered Mortgage Loan numbers, or other identifying information, and addresses for use in the Class Letters, and information that identifies whether the Class Member has a Covered Mortgage Loan currently serviced by Bank of America.  The Settlement Administrator shall update the mailing addresses through the National Change of Address Database.

(b)     No later than 60 days before the Final Approval Hearing, the Notice Letter shall be mailed to the last known address (after updating addresses by reference to the National Change of Address database) of all Class Members (the "Initial Mailed Notice").  The mailing shall also include a postage pre-paid Request Form.

(c)     The Settlement Administrator shall perform reasonable address traces for all Class Letters returned as undeliverable from the Initial Mailed Notice.  No later than 35 days from the Initial Mailed Notice, the Settlement Administrator shall complete the re-mailing of Class Letter and Request Forms to those Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

(d)     The Class Letter and the Request Form shall be substantially in the form of Exhibits 4 and 2, respectively, attached to the Settlement.

(e)     No later than 10 days from an Order of Preliminary Approval, the Settlement Administrator will post the Class Letter and Request Form on the Settlement Website.  The Class Letter and Request Form shall remain available by these means until the Effective Date.

(f)     The Class Letter and the Request Form shall also be sent via electronic mail Class Members who so request.

(g)     At or prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court with an affidavit attesting that Class Letter was disseminated pursuant to the Agreement.

## 3.     The Settlement Website and Toll-Free Telephone System

(a)     The Settlement Administrator shall establish the Settlement Website for this Settlement to provide information to the public and the Class about the Settlement and to permit Class Members to download and/or submit Request Forms online at

the Settlement Website. The Settlement Administrator shall enable Class Members to view the Settlement Website in Spanish through Google Translate or other similar means.

(b)     The Settlement Administrator shall consult with Class Counsel and Bank of America's Counsel regarding the information to be made available at the Settlement Website, which shall at a minimum identify Settlement-related deadlines and the toll-free telephone number that will provide Settlement-related information to Class Members, and include copies of the Settlement, Request Form, order preliminarily approving class action settlement, and Plaintiffs' motion for final approval of class action settlement and for an award of attorneys' fees and expenses. These documents and information shall remain available at the Settlement Website until the Effective Date.

(c)     The Settlement Administrator shall also develop, implement and monitor a toll-free automated phone system that includes both IVR and live operator functionality in English and Spanish.

(d)     The Settlement Administrator shall accurately and neutrally describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of the Settlement in communications with Class Members. The Parties shall agree on the information used for the IVR.

**4.     Providing and Submitting Request Forms**

(a)     The Request Form, which is in substantially the form attached as Exhibit 2 to the Settlement, shall be available as part of the Class Letter, on the Settlement Website, or by contacting the Settlement Administrator. The Request Form on the Settlement Website and the hard copy Request Form shall be consistent in content.

(b)     The Settlement Administrator shall establish and maintain the Settlement Website, which shall be easily accessible through commonly used Internet Service Providers for the submission of Claims and Request Forms. The Settlement Website shall be designed to permit Class Members to readily and easily submit Claims and Request Forms and obtain information about the Class Members' rights and options under the Settlement. The Settlement Website shall be maintained continuously until the Effective Date.

(c)     The Settlement Administrator also shall establish a toll-free telephone number that will have recorded information answering frequently asked questions about the Settlement, including, but not limited to, the instructions about how to request a Request Form and/or the Class Letters as well as an option to reach a live operator.

5.     **Request Form Review and Processing**

(a)     Class Members may timely submit a Request Form to the Settlement Administrator up to the Request Deadline. Class Members shall be eligible for the relief provided in the Settlement, provided Class Members complete and timely submit the Request Form to the Settlement Administrator by the Request Deadline.

(b)     The Settlement Administrator shall complete the claim review process within the time period specified in Section V of the Settlement.

(c)     The Settlement Administrator shall gather and review the Request Forms received pursuant to the Settlement, and fulfill valid Claims.

(i)     Class Members who submit a timely and valid Request Form shall be designated as Authorized Claimants. The Settlement Administrator shall examine the Request Form before designating the Class Member as an Authorized Claimant to determine that the information on the Request Form is reasonably complete and contains sufficient information concerning the Class Member.

(ii)     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any claim to prevent actual or possible fraud or abuse.

(iii)     By agreement of the Parties, the Parties can instruct the Settlement Administrator to take whatever steps they deem appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Request Forms, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse.

(iv)     The Claims Administrator shall, in its discretion, following consultation and agreement with counsel, reasonable agreement not to be withheld, decide whether to accept Request Forms submitted after the Request Deadline.

(d)     The Settlement Administrator shall provide periodic reports to Class Counsel and Bank of America's Counsel regarding the implementation of the Settlement and this Protocol.

(e)     If a Request Form cannot be processed without additional information, the Settlement Administrator shall promptly notify the Parties and mail a letter that advises the claimant of the additional information and/or documentation needed to validate the claim. The claimant shall have thirty-five (35) days from the date of

the postmarked letter sent by the Settlement Administrator to respond to the request from the Settlement Administrator and the claimant shall be so advised.

(i)     In the event the claimant timely provides the requested information, the Claim shall be deemed validated and shall be processed for payment.

(ii)    In the event the claimant does not timely provide the information, the Claim may be denied.

(f)     If a request is denied because the Settlement Administrator determined that the additional information and/or documentation was not sufficient to prove up the request, the Settlement Administrator shall provide a report to Class Counsel and Bank of America's Counsel who shall meet and confer in an attempt to resolve these requests.  If Class Counsel reasonably recommends validation of the Claim and Defendant agrees (and Defendant's agreement shall not be unreasonably withheld), then the Settlement Administrator shall be instructed validate those Claims.

(g)     The Settlement Administrator shall provide all information gathered in investigating requests, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant.

# EXHIBIT 4

[CLASS MEMBER NAME]
[ADDRESS]
[LOAN # AT ISSUE – OR ID NUMBER]

    Re: *Dolfo v. Bank of America, N.A. et al.*
    Case No. 3:11-cv-2828-DMS-BGS (S.D. Cal.)

**Important:  This Court-Ordered Letter Discusses A Court Settlement With Bank of America that may Affect You**

Dear Mr. or Ms. [NAME]:

    This letter and the enclosed materials provide important information about your legal rights with respect to a class action settlement.  A lawsuit was filed alleging that Bank of America improperly opened escrow accounts (also known as an impound accounts) in connection with mortgage loans for certain California homeowners when those homeowners inquired about modifying their loans, typically under the Federal Home Affordable Modification Program ("HAMP").  The lawsuit alleges that the improper opening of an escrow account may have caused the homeowner to incur additional fees and charges he or she did not owe, may have negatively affected his or her credit rating and, in some cases, threatened foreclosure.

    This letter is sent to you because Bank of America's records indicate that you have or had a mortgage loan serviced by Bank of America and that Bank of America may have opened an escrow account for your loan in connection with a HAMP modification inquiry.  If so, you may be a member of a class action lawsuit.  Please read this letter and the enclosed information carefully.

    *If your loan is currently serviced by Bank of America* and you wish to close your escrow account, you may elect to do so by submitting the enclosed, yellow Request Form by fax, by mail to the address on p. ___ below or by submitting it online at **www.BofAEscrowSettlement.com**.  **You must do so no later than [MONTH, DAY, YEAR]**, to exercise your right to close your escrow account.  Certain investor requirements, may prevent closure of an escrow account, including loans guaranteed by the Federal Housing Administration ("FHA"), Veterans Administration ("VA"), California Housing Finance Agency and Rural Housing Services.  In addition, loans with Lender Placed Insurance are required to have an escrow account.  If your loan requires an escrow account, you will not be eligible to close your escrow account.  In addition, if there is more than one borrower on your account, all borrowers must execute the Request Form.  **IF YOU ARE ELIGIBLE AND ELECT TO CLOSE YOUR ESCROW ACCOUNT, YOU WILL BE RESPONSIBLE FOR THE**

**DIRECT PAYMENT OF ANY ESCROWED ITEMS, INCLUDING YOUR PROPERTY TAXES AND HOMEOWNER'S INSURANCE PREMIUMS, BEGINNING ON THE DATE THE ESCROW ACCOUNT IS CLOSED. IN ADDITION, IF YOUR LOAN HAS AN ESCROW DEFICIENCY BALANCE, YOU WILL REMAIN RESPONSIBLE FOR REPAYMENT OF THE DEFICIENCY.**

This settlement is for non-monetary relief only. If you believe you suffered damages or lost money as a result of Bank of America's conduct described in this letter, you may wish to consult an attorney. If you wish to consult an attorney, you should do so promptly so you do not lose any rights you may have. This settlement has no effect on your right to pursue money damages.

If you would like to talk to the attorneys representing the Class against Bank of America, please contact Class Counsel: Blood Hurst & O'Reardon, LLP, 701 B Street, Suite 1700, San Diego, CA 92101, 619-338-1100, info@bholaw.com, and state you are writing or calling about the Escrow Account Litigation. *Please do not call or write to the Court for information or advice.*

Your rights and options – **and the deadlines to exercise them** – are more fully explained below.

*Para información en español, llamen al 1-800-xxx-xxx o visite la página web, www.BofAEscrowSettlement.com.*

## BASIC INFORMATION

| WHAT IS THIS LAWSUIT ABOUT? |
|---|
| Plaintiffs filed a class action lawsuit claiming that Bank of America, N.A. and BAC Home Loans Servicing LP ("Defendants") engaged in wrongful conduct in violation of California laws by opening escrow accounts (also known as impound accounts) in connection with the residential mortgages of Plaintiffs and Class Members. An escrow account is an account established by Bank of America for the purpose of assuring payment of property taxes, homeowners insurance premiums and/or other charges with respect to the property secured by the Covered Mortgage Loan. |
| Plaintiffs allege that as a result of opening the escrow account, Bank of America improperly increased their monthly mortgage payment without telling them, leading to additional fees and penalties, default, negative credit reporting, and threatened foreclosure. |
| Defendants deny all allegations and contest all liability with respect to the facts and claims alleged in the lawsuit. Defendants nevertheless are entering into this settlement to avoid further burdensome and costly litigation. |
| The Parties have agreed to settle the lawsuit on the terms explained in this notice. |
| WHY IS THIS A CLASS ACTION? |
| In a class action, one or more people, called Class Representatives (in this case Rick and Susan Dolfo), sue on |

behalf of people who have alleged similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members.

On June 3, 2013, the Court certified a class to pursue non-monetary relief only. As a result, this lawsuit has no effect on any claims for damages or monetary relief arising from Bank of America's conduct at issue.

## WHY IS THERE A SETTLEMENT?

The Court has not decided in favor of Plaintiffs or Defendants. Instead, both sides have voluntarily agreed to a settlement. The Class Representatives and their attorneys think the settlement is best for the Settlement Class Members.

## WHO IS IN THE SETTLEMENT

## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if you had a residential mortgage loan secured by property located in the State of California that was serviced by Bank of America, where Bank of America created an escrow account between April 17, 2009 and June 1, 2011, as a result of Bank of America's evaluation of eligibility for a loan modification pursuant to the Home Affordable Modification Program, and not for a reason permitted by Civil Code § 2954. You are not in the Settlement Class if you entered a "trial period program" pursuant to the Home Affordable Modification Program or received a loan modification. You received this letter and notice because Bank of America's records indicate that you are a Settlement Class Member.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

## WHAT ARE THE BENEFITS OF THIS SETTLEMENT?

This settlement is for injunctive relief only – it is not for money. There are several parts to this settlement:

1) Settlement Class Members whose loans are currently serviced by Bank of America may elect to close their escrow accounts, if they are eligible to do so.

2) Bank of America will provide Settlement Class Members who close their escrow accounts with no-interest payment options if their escrow account has a negative balance.

3) Bank of America also is paying the costs of notice to the class, claim administration expenses, Class Counsel's attorneys' fees and expenses and any service awards to the Class Representatives (discussed below).

The settlement process will be administered by an independent, Court-approved administrator.

## HOW CAN I GET THOSE BENEFITS?

*If your loan is currently serviced by Bank of America* you can receive the following benefits:

(1) You may elect to close your escrow account, provided certain investor requirements do not prevent such closure and if you do not have Lender Placed Insurance. In addition, if there is more than one borrower on your account, all borrowers must elect to close the escrow account. By electing to close your escrow account, you understand that you will be responsible for paying any escrowed items directly, including

your own property taxes and homeowners insurance premiums.  If you don't pay those items, an escrow account may be reopened and you may incur liability, including fees and penalties.

(2) If you elect to close your escrow account and you have a negative escrow balance, Bank of America will provide you with a zero-interest repayment option.

You can request that your escrow account be closed either by going online at **www.BofAEscrowSettlement.com** or by submitting the enclosed yellow request form by fax or mail.  You must complete and send the form, either online or by mail or fax, no later than _____, **2014.**  All borrowers on the account must complete the form.

### WHEN WOULD I GET MY SETTLEMENT BENEFITS?

The Court will hold a hearing on **[date]** at **[time]**, to decide whether to approve the settlement.  The hearing date may be changed by the Court, and you should check **www.BofAEscrowSettlement.com** for any updates. If Judge Sabraw approves the settlement, there may be appeals.  Please be patient.

### IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?

If the Court approves the proposed settlement you will release claims for *non-monetary relief only* concerning Bank of America's alleged wrongful escrow account practices.  The full terms of this Release are contained in the Settlement Agreement that is available at **www.BofAEscrowSettlement.com**, or at the public court records on file in this lawsuit.  You will not release (give up) any claims for monetary relief or damages.  If you believe you have suffered monetary harm, you may wish to contact an attorney.

## THE LAWYERS REPRESENTING YOU

### DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the law firm of Blood Hurst & O'Reardon, LLP to represent you and other Settlement Class Members.  Their contact information is below.  These lawyers are called Class Counsel.  If you want your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

### HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court to award attorneys' fees not to exceed $650,000, plus provide reimbursement for out-of-pocket expenses incurred (which are approximately $25,000 to date).  Bank of America may oppose any amounts sought exceeding $400,000.  The attorneys' fees and expenses awarded by the Court to Class Counsel will be paid by Bank of America.

In addition, Class Counsel will ask the Court to award the Class Representatives in this lawsuit (Rick and Susan Dolfo) service awards of $7,500 each for their time and effort acting as plaintiffs, including for having their depositions taken, providing assistance prosecuting the lawsuit and attending proceedings for this lawsuit.

Defendant has agreed not to oppose the Class Representative service awards.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT? |
| --- |

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it and the Court will consider your views. To object, you must send a letter to the Court and the parties saying that you object to the settlement in *Dolfo v. Bank of America, NA*, No. 3:11-cv-2828 (S.D. Cal). Be sure to include your name, address, telephone number, your handwritten and dated signature (not just your attorney's or an electronic signature), and all of the reasons you object to the settlement. You must also affirm under penalty of perjury that you are a Settlement Class Member or provide other proof of Settlement Class Membership. If you are represented by counsel, you must include the name, address, and telephone number of that lawyer.

Your objection ***must be mailed to and actually received*** at these three different places no later than [**date**]. Send your objection to:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
| --- | --- | --- |
| Clerk of the Court<br>United States District Court,<br>Southern District of California<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 | Timothy G. Blood<br>Blood Hurst & O'Reardon, LLP<br>701 B Street, Suite 1700<br>San Diego, CA 92101 | Chad R. Fuller<br>Troutman Sanders LLP<br>11682 El Camino Real, Suite 400<br>San Diego, CA 92130 |

# THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and ask to speak, but you don't have to.

| WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |
| --- |

The Court will hold a Final Approval Hearing at [**time**] on [**date**] in the Courtroom of the Honorable Dana M. Sabraw, United States District Court for the Southern District of California, 333 West Broadway, San Diego, CA 92101. The hearing date may be changed by the Court, and you should check **www.BofAEscrowSettlement.com** for any updates. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. Judge Sabraw will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court may also consider how much to award Class Counsel and the amount of the service awards for Plaintiffs. We do not know how long this decision will take.

| **DO I HAVE TO COME TO THE HEARING?** |
|---|
| No. Class Counsel will answer questions Judge Sabraw may have. But, you are welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary. |

| **MAY I SPEAK AT THE HEARING?** |
|---|
| You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to include your name, address, telephone number, and your written signature. You may also be required to provide proof that you are a Settlement Class Member. Your Notice of Intention to Appear must be filed no later than [**date**], and must also be served on the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses listed on page 5 above. |

## IF YOU DO NOTHING

| **WHAT HAPPENS IF I DO NOTHING AT ALL?** |
|---|
| If you do nothing, you will still be part of the Settlement Class. Your escrow account will not be closed unless you file a valid and timely yellow request form. |

## GETTING MORE INFORMATION

| **ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
|---|
| The Settlement Agreement contains the complete terms. You can get a copy of the Settlement Agreement at **www.BofAEscrowSettlement.com**, or by reviewing the records on file in the Court clerk's office. The yellow Request Form and other information are also available at **www.BofAEscrowSettlement.com**. |
| **PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.** |
| /s/ The Honorable Dana M. Sabraw |
| DATED: _____    UNITED STATES DISTRICT JUDGE |

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICK DOLFO and SUSAN DOLFO, on behalf of Themselves, All Others Similarly Situated and the General Public, | Case No.: 3:11-cv-2828-DMS-BGS |
| | CLASS ACTION |
| Plaintiffs, | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| v. | Judge:       Hon. Dana M. Sabraw |
| BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, LP, | Crtrm:       13A, 13th Floor |
| Defendants. | |

1    WHEREAS, Plaintiffs Rick Dolfo and Susan Dolfo and Defendants Bank

2  of America, N.A. and BAC Home Loans Servicing, LP have entered into a

3  Settlement Agreement ("Settlement"), filed December 13, 2013, after

4  substantial discovery and lengthy arms-length settlement discussions;

5    AND, WHEREAS, the Court has received and considered the Settlement,

6  including the accompanying exhibits, and the record in this Action;

7    AND, WHEREAS, Plaintiffs have made an application, pursuant to

8  Federal Rule of Civil Procedure, Rule 23(e), for an order preliminarily

9  approving the settlement of this Action, and for its dismissal with prejudice

10  upon the terms and conditions set forth in the Settlement;

11    AND, WHEREAS, the Court has reviewed the Plaintiffs' application and

12  the supporting memorandum for such order, and has found good cause for the

13  same.

14    NOW, THEREFORE, IT IS HEREBY ORDERED:

15    1.    If not otherwise defined herein, all capitalized terms have the same

16  meanings as set forth in the Settlement Agreement.

17    2.    Pursuant to Federal Rule of Civil Procedure, Rule 23(c),  the Court

18  previously certified the following Class:

19
20    All persons who had a residential mortgage loan secured by
      property located in the State of California and whose loan was
21    serviced by Bank of America, where Bank of America created an
      impound account up until May 31, 2011, as a result of Bank of
22    America's evaluation of eligibility for a loan modification
      pursuant to the Home Affordable Modification Program, and not
23    because of a circumstances permitted by Civil Code §2954.
      Excluded from the Class are those who entered a "trial period
24    program" pursuant to the Home Affordable Modification
      Program and defendants and any of their officers, directors and
25    employees.

26    3.    Further, the Court previously appointed Rick Dolfo and Susan Dolfo

27  as the Class Representatives for the Class and Timothy G. Blood and Thomas J.

28

O'Reardon II of Blood Hurst & O'Reardon, LLP as Class Counsel. *See* Court's Order Granting Plaintiff's Motion for Class Certification (Dkt. No. 88).

4.     The Court hereby preliminarily approves the Settlement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

5.     The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval.     The Court therefore preliminarily approves the proposed Settlement.

6.     Pursuant to Federal Rule of Civil Procedure, Rule 23(e) the Court will hold a final approval hearing on _____, 2014, at _____ a.m./p.m., in the Courtroom of the Honorable Dana M. Sabraw, United States District Court for the Southern District of California, 333 West Broadway, San Diego, California 92101, for the following purposes:

a)     Determining whether the proposed settlement of the Action is fair, reasonable and adequate and should be approved by the Court;

b)     Considering the application of Class Counsel for an award of attorneys' fees and expenses as provided for under the Settlement;

c)     Considering the application for service awards to the Plaintiffs as provided for under the Settlement;

d)     Considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

e)     Considering whether the release by the Class Members of the Released Claims as set forth in the Settlement should be provided; and

f)     Ruling upon such other matters as the Court may deem just and appropriate.

7. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Class Members.

8. Any Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Class Members who do not enter an appearance will be represented by Class Counsel.

9. The Parties may further modify the Settlement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

10. Opening papers in support of final approval of the Settlement and any application for attorneys' fees and expenses and/or plaintiffs' service awards must be filed with the Court and served at least 45 days prior to the Final Approval Hearing. Defendants' opposition, if any, to Plaintiffs' application for attorneys' fees and expenses must be filed with the Court and served at least 21 days prior to the Final Approval Hearing. Reply papers, if any, must be filed and served at least 7 days prior to the Final Approval Hearing.

11. The Court approves, as to form and content, the proposed class notice (collectively the "Class Notice"), which is Exhibit 4, to the Settlement on file with this Court.

12. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Settlement meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13. The Court approves the designation of Garden City Group, Inc. to serve as the Court-appointed Settlement Administrator for the Settlement. The

Settlement Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of Request Forms, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Settlement and this Order under the direction and supervision of the Court.

14. The Court directs the Settlement Administrator to establish a Settlement Website, making available copies of this Order, the Class Notice, Request Forms that may be downloaded and submitted online or by mail, the Settlement and all exhibits thereto, and such other information as may be of assistance to Class Members or required under the Settlement.

15. No later than 60 days before the Final Approval Hearing, the Settlement Administrator is ordered to substantially complete dissemination of the Class Letter, which shall be mailed to the last known address (after updating addresses by reference to the National Change of Address database) of all Class Members (the "Initial Mailed Notice"). The mailing shall also include a Request Form for those Class Members with a Covered Mortgage Loan currently serviced by Bank of America.

16. The Settlement Administrator shall perform reasonable address traces for all Class Letters returned as undeliverable from the Initial Mailed Notice. No later than 35 days from the Initial Mailed Notice, the Settlement Administrator shall substantially complete the re-mailing of Class Letters and Request Forms to those Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

17. The costs of the Class Notice, administering the claims portion of the Settlement, creating and maintaining the Settlement Website, and all other Claims Administrator expenses shall be paid by Defendants in accordance with the applicable provisions of the Settlement.

1

18.    Class Members must submit their Request Form, should they choose

2

to do so, no later than 60 days after the date first set by the Court for the Final

3

Approval Hearing.  Such deadline may be further extended without notice to the

4

Class by Court order, by agreement between the Parties, or as set forth in the

5

Settlement.

6

**Procedure for Objecting To the Settlement**

7

19.    Any Class Member who desires to object to the proposed

8

settlement, including the requested attorneys' fees and expenses or service

9

awards to the Plaintiffs, must timely file with the Clerk of this Court a notice of

10

the objection(s), together with all papers that the Class Member desires to submit

11

to the Court no later than 30 days before the date first set for the Final Approval

12

Hearing (the "Objection Date").  The objection must also be served on Class

13

Counsel and Bank of America's Counsel no later than the Objection Date.  The

14

Court will consider such objection(s) and papers only if such papers are received

15

on or before the Objection Date provided in the Class Notice, by the Clerk of the

16

Court and by Class Counsel and Bank of America's Counsel. In addition to the

17

filing with this Court, such papers must be sent to each of the following persons:

18

Timothy G. Blood                     Chad R. Fuller
Blood Hurst & O'Reardon, LLP         Troutman Sanders LLP

19

701 B Street, Suite 1700             11682 El Camino Real, Ste. 400
San Diego, CA 92101                  San Diego, CA 92130

20

21

20.    The written objection must include: (a) a heading which refers to the

22

Action; (b) the objector's name, residential address, telephone number and, if

23

represented by counsel, of his/her counsel (notwithstanding, the objector's actual

24

residential address, not just his/her counsel's, must also be included); (c) an

25

explanation of the basis upon which the objector claims to be a Class Member;

26

(d) a statement whether the objector intends to appear at the Final Approval

27

Hearing, either in person or through counsel; (e) all grounds for the objection,

28

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

accompanied by any legal support for the objection known to the objector or his/her counsel; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's handwritten, dated signature (an electronic signature, "/s/", or an attorney's signature are not sufficient).

21. Any Class Member who files and serves a written objection, as described in the preceding Section, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of this Agreement, including attorneys' fees. Class Members or their attorneys who intend to make an appearance at the Final Approval Hearing must serve a notice of intention to appear on the Class Counsel identified in the Class Letter and to Bank of America's Counsel, and file the notice of appearance with the Court, no later than twenty (20) days before the Final Approval Hearing.

22. Any Class Member who fails to comply with the provisions of the preceding paragraph shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of the Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

23. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement.

**IT IS SO ORDERED.**


DATED: _____          _____
                                  THE HON. DANA M. SABRAW
                                  UNITED STATES DISTRICT JUDGE