BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA  92101
Telephone: (619) 338-1100
Facsimile: (619) 338-1101
tblood@bholaw.com
toreardon@bholaw.com

Attorneys for Plaintiffs and Class Counsel

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DOLFO and SUSAN DOLFO, on behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVING, LP,<br><br>Defendants. | Case No.: 3:11-cv-2828-DMS-BGS<br><br>CLASS ACTION<br><br>**DECLARATION OF SUSAN DOLFO IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       April 25, 2014<br>Time:      1:30 p.m.<br><br>Judge:     Hon. Dana M. Sabraw<br>Crtrm:     13A, 13th Floor<br>Date filed: December 5, 2011 |

I, SUSAN DOLFO, declare as follows:

1.      I am a plaintiff and Class Representative in the above-entitled class action. I make this declaration in support of plaintiffs' motion for final approval of class action settlement, which includes a request that I be awarded a $7,500 service award. I have personal knowledge of the matters set forth in this declaration and if called upon, could competently testify to them.

2.      Along with my husband, I have stayed closely informed and actively involved in this litigation from before it was filed through the present. Before the complaint was originally filed in December 2011, I assisted in the pre-filing investigation of the claims by providing substantial documents and information regarding our mortgage, mortgage payment history, mortgage modification attempts, and escrow account information. I have provided detailed accounts to my lawyers of the years-long ordeal my family has endured as a result of Bank of America's conduct that resulted in this lawsuit. I have remained in contact with my attorneys, particularly the attorneys from Hoffman & Forde and Blood Hurst & O'Reardon, LLP throughout the litigation. Since October 2011, I have had about five in-person meetings with my attorneys, many discussions by telephone and dozens of discussions via email. In addition to initiating communications about the lawsuit, I have promptly responded to inquiries for further information. Periodically throughout the litigation, but on average once a month, I have spoken to or communicated by email with my attorneys to keep up to date on the status of the case and proceedings and to lend assistance to the prosecution of the action. I have also reviewed pleadings and motions before they were filed, including the initial complaint, and provided comments and asked follow up questions about these documents. I reviewed Bank of America's discovery requests, had several calls with my attorneys about responsive documents and information and made extensive searches for all responsive information. I also reviewed and approved the final discovery

responses, and provided my attorneys with approximately 300 pages of documents produced to the bank. Along with my husband, I searched for and provided extensive personal financial information in response to requests from Plaintiffs' Counsel and Bank of America's counsel in the context of confidential settlement communications. Because of the threat of unfairly losing my home, all of these activities were time-consuming and emotionally difficult, as they forced me to relive an experience that ended with me seeking medical attention for stress-related illness.

   3. From the very beginning, I was aware of my obligations as a class representative, including the obligation to respond to discovery requests seeking personal financial information and other information, to be deposed and to testify at trial. In signing the retention agreement with my attorneys, I understood and agreed that I was not promised any compensation other than my share of what was recovered on behalf of the proposed class. Nonetheless, I agreed to become a class representative because of what happened to my husband and me and because I wanted to stand up for others like us. When I was told that Bank of America wanted to take my deposition, I scheduled time for the deposition and to prepare for the deposition with the assistance of my attorneys. On Sunday, January 20, 2013, a holiday weekend, my husband and I met with Timothy Blood and his partner, Thomas O'Reardon, at their office to prepare for my deposition. We met for about five hours. In preparation for our meeting, I also participated in several telephone conferences with my attorneys and made further searches for responsive documents and information. On January 21, 2013, a holiday, I spent over eight hours preparing for and being deposed. After my deposition, I reviewed the lengthy deposition transcript.

   4. I also attended an all-day mediation with mediator Scott Markus, Esq. on July 9, 2013. At the conclusion of that mediation, the parties reached a

1  settlement of the class action and executed a settlement term sheet.  At that time,
2  I reviewed and approved the terms of the class action settlement.
3      5.   I would estimate that I have personally spent in excess of 60 hours
4  in connection with the class action claims in this lawsuit since October 2011.
5      I declare under penalty of perjury under the laws of the United States of
6  America that the foregoing is true and correct.  Executed this 10th day of March,
7  2014, at San Diego, California.

*/s/ Susan Dolfo*
SUSAN DOLFO