# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK DOLFO and SUSAN DOLFO, on behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A. and BAC HOME LOANS SERVING, LP,<br><br>Defendants. | Case No.: 3:11-cv-2828-DMS-BGS<br><br>CLASS ACTION<br><br>**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**<br><br>Judge:   Hon. Dana M. Sabraw<br>Crtrm:   13A, 13th Floor |

This matter came on for hearing on April 25, 2014, at 1:30 p.m. The Court has considered the Settlement Agreement filed on December 13, 2013 ("Settlement"), Dkt. No. 110, oral and/or written objections and comments received regarding the proposed Settlement, the record in the above-entitled lawsuit ("Action") and the arguments and authorities of counsel. Good cause appearing,

IT IS HEREBY ADJUDGED AND DECREED THAT:

1. This Judgment incorporates by reference the definitions in the Settlement, and all terms used herein shall have the same meanings as set forth in the Settlement unless set forth differently herein.

2. The Court has jurisdiction over the subject matter of this Action and all Parties to the Action, including all Class Members.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court has certified the following Class:

> All persons who had a residential mortgage loan secured by property located in the State of California and whose loan was serviced by Bank of America, where Bank of America created an impound account up until May 31, 2011, as a result of Bank of America's evaluation of eligibility for a loan modification pursuant to the Home Affordable Modification Program, and not because of a circumstances permitted by Civil Code §2954. Excluded from the Class are those who entered a "trial period program" pursuant to the Home Affordable Modification Program and defendants and any of their officers, directors and employees.

4. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all such persons who satisfy the Class definition above are Class Members bound by this Judgment.

5. All Class members are bound by this Judgment and by the terms of the Settlement Agreement.

6. The Court directed that class notice be given to Class Members pursuant to the Class Letter Plan program proposed by the Parties and approved

by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Letter advised Class Members of the terms of the Settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to object to the Settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Class.

7. The distribution of the Class Letter constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rules of Civil Procedure, Rule 23, the requirements of due process, and any other applicable law. Furthermore, Defendants complied with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, in providing timely, written notice of the Settlement to the U.S. Attorney General and the California Attorney General.

8. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement are the product of lengthy, arms-length negotiations conducted in good faith and with the assistance of the Hon. Bernard G. Skomal and Scott S. Markus, Esq. of Agreement.com Commercial Mediation. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

9. The Settlement, this Judgment, or the fact of the Settlement does not constitute any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Action.

10. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class. Plaintiffs Rick Dolfo and Susan Dolfo spent substantial time and effort and participated in the Action, acted to protect the Class, and assisted their counsel, including by providing documents and information, sitting for depositions, and attending court hearings and private mediation. The efforts of Class Counsel have produced the Settlement entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Class. Class Counsel have made an application for an award of attorneys' fees and expenses in connection with the prosecution of the Action on behalf of themselves and the other Plaintiffs' Counsel. The fee award requested is $500,000, which constitutes a 0.79 lodestar-multiplier of the reasonable hours incurred by Plaintiffs' Counsel on this Action, plus a request for reimbursement of out of pocket expenses totaling $25,000. The Court finds the fee award to be fair, reasonable and justified under the circumstances. The Court hereby awards $500,000 as attorneys' fees. The Court declines to award $25,000 in expenses as counsel concedes their expenses are only $24,152.48. The Court also declines to award $206.00 for the admission fee for Kevin Seely. Thus, the Court awards $23,946.48 in costs to be paid by Defendants. Class Counsel shall be responsible for distributing and allocating the Attorneys' Fees and Expenses award to Plaintiffs' Counsel in their sole discretion. Further, Plaintiffs Rick Dolfo and Susan Dolfo are each entitled to service awards of $7,500, that Defendants agree to pay.

11. The Court hereby dismisses with prejudice the Action, and all Released Claims against each and all Released Parties and without costs to any of the Parties as against the others.

12. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

13. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rule of Civil Procedure 54(b), the clerk is hereby directed to enter this Judgment forthwith.

14. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Settlement.

**IT IS SO ORDERED.**

DATED: April 25, 2014

THE HON. DANA M. SABRAW
UNITED STATES DISTRICT JUDGE